Case 2:19-cv-04181-JMA-ARL   Document 13   Filed 06/19/20   Page 1 of 12 PageID #: 403

FILED
CLERK
6/19/2020 12:31 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

For Online Publication Only

RUTH DUROSENE,

               Plaintiff,

    -against-                          **MEMORANDUM & ORDER**
                                                                                 19-CV-4181 (JMA) (ARL)

BANK OF AMERICA, N.A.,

               Defendant.
------------------------------------------------------------------X

**AZRACK, United States District Judge:**

    Pro se plaintiff Ruth Durosene ("Plaintiff") commenced this action against Bank of America, N.A. ("Defendant"), alleging fraud, predatory lending, and adverse possession. (See Compl., ECF No. 1-2.) Defendant has moved to dismiss. (ECF No. 9.) For the reasons stated below, the Court grants the Defendant's motion and dismisses Plaintiff's complaint in its entirety.[1]

## I. BACKGROUND

    The following facts are taken from the complaint and judicially noticed records of the related state court proceedings. See Moses v. Deutche Bank Nat. Tr. Co., No. 11-CV-5002, 2012 WL 2017706, at *1 (E.D.N.Y. June 5, 2012) (taking judicial notice of the related state court foreclosure proceedings); Blue Tree Hotel Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (taking judicial notice of state court records). "The Court can also consider exhibits—such as copies of the mortgage and mortgage assignments—which are attached or integral to the [] complaint." Talley v. LoanCare Servicing, Div. of FNF, No. 15-CV-5017, 2018 WL 4185705, at *1 (E.D.N.Y. Aug. 31, 2018).

    This action arises from a mortgage on real property located at 112 Belmont Parkway,

---

[1] In ruling on Defendant's motion, the Court considered the motion papers filed by Defendant on February 12, 2020, which included Defendant's opening brief, Plaintiff's opposition, and Defendant's reply. (ECF Nos. 9-11.) Given Plaintiff's pro se status, and for the avoidance of doubt, the Court also considered Plaintiff's supplemental filing from March 23, 2020. (ECF No. 12.)

Hempstead, New York 11550 (the "Property"). (Compl. at 4-5.)[2] Plaintiff alleges that she "has interest" in the Property, "maintain[ed]" the Property, and has an adverse possession claim to the Property. (Id. at 4, 21.) Plaintiff also alleges that she "had lived in the [Property for] over ten years." (ECF No. 12 at ¶ 6.) However, the mortgagor of the Property is not Plaintiff but rather, non-party Jean Pharmus Calixte ("Calixte"). (Blaine Decl. Ex. A, ECF No. 9-3; Blaine Decl. Ex. B, ECF No. 9-4.) On April 23, 2008, Calixte executed a note in favor of Concord Mortgage Corp. ("Concord") in exchange for a loan in the amount of $362,000 (the "Note"). (Blaine Decl. Ex. A, ECF No. 9-3.) The Note was secured by a mortgage dated April 23, 2008 on the Property, between Calixte, as borrower, and Mortgage Electronic Registration Systems, Inc. ("MERS") as a nominee for Concord (the "Mortgage" and collectively with the Note, the "Loan"). (Blaine Decl. Ex. B, ECF No. 9-4.) Plaintiff was not a party to the Note or Mortgage. MERS assigned the Mortgage to Defendant, through an Assignment of Mortgage dated October 20, 2011. (Blaine Decl., Exhibit C, ECF No. 9-5.)

On September 14, 2015, Defendant initiated a foreclosure proceeding in Nassau County Supreme Court, Index No. 8228/2015 (the "Foreclosure Action") against Calixte, Marie Stella Calixte, Citibank (South Dakota) NA, Sallie Mae, Inc., Asset Acceptance, LLC A/P/O Citibank, United Guaranty Commercial Insurance Company of North Carolina, SLM Private Credit Student Loan Trust, and John Doe and Jane Doe ("intended being tenants or occupants, if any, having or claiming an interest in, or lien upon [the Property]"). (Blaine Decl., Exhibit E, ECF No 9-7.) Plaintiff was not a party to the Foreclosure Action. (Id.) The state court judge eventually struck the unnamed individual defendants from the caption without prejudice and replaced them with "Jean Calixte." (Blaine Decl., Exhibit F, ECF No 9-8.) There is nothing in the complaint or state

---

[2] Because the complaint does not have page numbers, references are to the ECF pagination.

court filings to indicate Plaintiff was served with notice of the Foreclosure Action. On March 21, 2019, the state court issued a Judgment of Foreclosure and Sale in the Foreclosure Action (the "Foreclosure Judgment") directing the appointed referee to sell the Property at a foreclosure auction and substituting Wilmington Savings Fund Society, FSB ("Wilmington") as the proper party Plaintiff in place of Defendant. (Blaine Decl., Exhibit G, ECF No. 9-9.)

On June 28, 2019, Plaintiff filed the instant action in Nassau County Supreme Court. Defendant subsequently removed the action on July 19, 2019 on the basis of diversity jurisdiction. (Notice of Removal, ECF No. 1.) The complaint alleges that Defendant engaged in fraud and predatory lending with respect to the origination and assignment of the Loan. (Compl. at 8, 9-15.) Plaintiff alleges that the "the mortgage was illegally foreclosed" and she was evicted under false pretenses "because the moving party in the foreclosure action does not legally own the property nor do plaintiff have legal standing to commence such an action." (Id. at 16.) Plaintiff's complaint also alleges that Defendant failed to follow certain procedural requirements with respect to the Foreclosure Action. (Id. at 5.) Finally, the complaint alleges an adverse possession claim but provides no further allegations with respect to that claim. (Id. at 21.) Plaintiff's opposition papers to the instant motion allege that Plaintiff was an "adverse possession occupant" of the Property who "lived [on the Property] over ten years" and that "[t]his is an adverse possession case." (ECF No. 12 at ¶¶ 4-6.)

The complaint seeks the following relief:

> [an] adverse possession judgment . . . [t]hat the plaintiff have and recover against the [Property] . . . [t]hat the plaintiffs retain full access of said property and that the loan be discharged . . . an order voiding any and all indic[i]a of ownership or the transfer of such ownership to Curtis Johnson any such third party . . . [and] [t]hat the defendants provide, produce and bring forthwith all records, data, files and other papers in connection with [the Foreclosure Action].

(Compl. at 21.) The complaint also requests compensatory damages of $150,000 and punitive

damages of $250,000.  (Id. at 22.)  Plaintiff's opposition papers also seek the additional relief of: "unspecified damages or quite [sic] title and or the punitive damages of $[]850,000" and also seeks relief as to two additional properties: "[t]hat the plaintiffs have and recover against the real property located 110 Belmont Parkway, West Hempstead, New York" and "[t]hat the plaintiffs be deem[ed] legal owners of title and deed for real property located at 68 Summit Street, Brooklyn, New York 11231." (ECF No. 12 at ¶¶ 44-48.)  Plaintiff makes no further allegations regarding these properties.

Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), claiming that Plaintiff's complaint (1) is barred by res judicata and barred by collateral estoppel; and (2) fails to state a claim.[3]  (See Def. Mem. of Law, ECF No. 9-1.)

## II. DISCUSSION

### A. Standard of Review

The Court is mindful that when considering a motion to dismiss a pro se complaint, the court must construe the complaint liberally and interpret the complaint "to raise the strongest arguments they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006).  However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).  A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  "[M]ere conclusions of law or unwarranted deductions need not be accepted." Bobrowsky v. Yonkers Courthouse, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011) (internal quotation

---

[3] It is unnecessary to address Defendant's arguments concerning res judicata and collateral estoppel because Plaintiff's claims fail on other grounds.

marks and citations omitted). In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

## B. Plaintiff Has Failed to State a Claim for Fraud or Predatory Lending

Defendant contends that Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6). Construed liberally, Plaintiff's fraud and predatory lending claims appear to be based on allegations of fraud and predatory lending in the origination and assignment of the Loan, as well as fraud during the Foreclosure Action and during subsequent eviction proceedings brought against Plaintiff. For the reasons discussed below, Plaintiff's claims are dismissed.

### 1. Plaintiff Lacks Standing to Bring Claims Regarding the Origination or Assignment of the Loan

Defendant contends that Plaintiff's claims fail under Rule 12(b)(6) because she has no standing to bring them as a non-party to the Loan. (ECF No. 9-1 at 9-10.) Plaintiff's claims of fraud and predatory lending as to the origination of the Loan and the assignment of the Loan must be dismissed because Plaintiff lacks standing to bring such claims. Plaintiff was not a party to the Mortgage or Note related to the Property. (Blaine Decl. Ex. A, ECF No. 9-3; Blaine Decl. Ex. B, ECF No. 9-4.) Rather, Calixte, the Defendant in the Foreclosure Action, was the party to the Mortgage and Note. (Id.) A legally cognizable right to sue for fraud or predatory lending in the origination of the Loan, if there were any, would accrue to Calixte, not Plaintiff. See Moses, 2012 WL 2017706, at *2 (stating that plaintiffs, who were not parties to a mortgage agreement but resided on the property at issue lacked standing as "nonparties to [the] financing" to bring a claim against the assignee of the mortgage seeking to invalidate the mortgage because it was procured by predatory lending); see also Newman v. Wells Fargo Bank, N.A., No. 18-CV-2175, 2019 WL 5694334, at *7, n.5 (E.D.N.Y. July 10, 2019) (stating that "because plaintiff [] is not the mortgagor

5

or borrower on the note, [he] accordingly has no standing to challenge the validity of the mortgage assignment or any aspect of the [f]oreclosure [a]ction.")

Plaintiff also cannot bring this suit as a third-party beneficiary of the loan agreement. "Generally speaking, a non-party to a contract lacks standing to challenge an agreement in the absence of terms demonstrating that it is a third-party beneficiary." Tamir v. Bank of New York Mellon, No. 12-CV-4780, 2013 WL 4522926, at *3 (E.D.N.Y. Aug. 27, 2013). And "[u]nder New York law in order to recover as a third-party beneficiary of a contract, a claimant must establish that the parties to the contract intended to confer a benefit on the third party." Subaru Distributors Corp. v. Subaru of Am., Inc., 425 F.3d 119, 124 (2d Cir. 2005) (citing State of Cal. Pub. Employees' Ret. Sys. v. Shearman & Sterling, 95 N.Y.2d 427, 434–35 (2000)). Nothing in the pleadings suggests that Defendant intended to confer a benefit on Plaintiff, nor do the Loan documents themselves indicate that intent. Moreover, even if Plaintiff was a party to the Loan, she would still lack standing to bring claims with respect to the assignment of the Loan. See Karamath v. U.S. Bank, N.A., 2012 WL 4327613, at *7 (E.D.N.Y. Aug. 29, 2012), adopted by 2012 WL 4327502 (E.D.N.Y. Sept. 20, 2012) ("[Mortagor] is not a party to the PSA or to the Assignment of Mortgage, and is not a third-party beneficiary of either, and therefore has no standing to challenge the validity of that agreement or the assignment.")

Accordingly, Plaintiff lacks standing to bring claims for fraud or predatory lending with respect to the origination or assignment of the Loan.

**2. Plaintiff's Claims Regarding the Origination of the Loan are Also Time-Barred**

"Affirmative defenses, such as a statute of limitations defense, are appropriately decided on a 12(b)(6) motion if it is clear on the face of the complaint that the limitations period has run." Brand v. AIG Ins. Co., No. 15-CV-6286, 2017 WL 10398480, at *2 (E.D.N.Y. Mar. 16, 2017).

6

Plaintiff's allegations of "predatory lending" and fraud in the origination of the Loan are time-barred. (Compl. at 9-15.)  Though Plaintiff does not identify any specific statutes, the Court liberally interprets Plaintiff's claim to allege both common law fraud and violations of New York's predatory lending statute.  See Utreras v. Chicago Title Ins. Co., No. 12-CV-04766, 2013 WL 4700564, at *2 (E.D.N.Y. Sept. 1, 2013).  Regardless of the theory, any claim regarding the origination of the Loan would be time barred.  The Loan was originated in 2008, (Blaine Decl. Ex. A, ECF No. 9-3), and Plaintiff filed this complaint eleven years later in 2019.  The statute of limitations for common law fraud in New York is six years.  NY CPLR § 213(8).  Likewise, the statute of limitations for New York's predatory lending statute, New York Banking Law § 6-l, is six years.  NY Banking Law § 6-l.  Accordingly, Plaintiff's claims regarding the origination of the Loan are time-barred.

### 3. Plaintiff Has Failed to State a Claim for Fraud

Construing the complaint liberally, Plaintiff appears to allege that Defendant committed fraud with respect to the foreclosure and sale of the Property and her subsequent eviction.  Plaintiff fails to adequately allege a claim for fraud under the standards of Rule 12(b)(6), or the heightened pleading requirements of Rule 9(b).

"Under New York law, the elements of common law fraud are a material, false representation, an intent to defraud thereby, and reasonable reliance on the representation, causing damage to the plaintiff."  Chanayil v. Gulati, 169 F.3d 168, 171 (2d Cir. 1999) (citation and internal quotation marks omitted).  Further, allegations of fraud must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").  Conclusory allegations of fraud will not survive Rule 9(b)'s heightened pleading standard, and

7

therefore, will be subject to dismissal at the motion to dismiss stage. See Nasso v. Bio Reference Labs., Inc., 892 F. Supp. 2d 439, 446 (E.D.N.Y. 2012) (citing Shemtob v. Shearson, Hammill & Co., 448 F.2d 442, 444 (2d Cir. 1971)). Generally, to comply with Rule 9(b)'s specificity requirements, "the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006) (quoting Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993)).

In the instant case, Plaintiff fails to plead fraud with sufficient plausibility or particularity to survive a motion to dismiss. Plaintiff merely alleges that the Mortgage was "illegally foreclosed," she was evicted under false pretenses, and "defendants engaged in the fraudulent transfer and conveyance of title with the assistance and corporation [sic] of Jeffrey Kim, the referee appointed by the court to conduct the foreclosure auction." (Compl. at 16; ECF No. 12 at ¶ 41.) Those conclusory allegations are plainly insufficient to meet the requirements to adequately allege a claim for fraud.

Likewise, Plaintiff's claim that "the mortgage was illegally foreclosed and the plaintiffs were illegally evicted under false [pretenses] because the moving party in the foreclosure action does not legally own the property nor do plaintiff have legal standing to commence such an action" fails, for multiple reasons, to state a claim for fraud. (Compl. at 16.) Plaintiff never identifies what statements made by Defendant were allegedly false. Moreover, even assuming for the sake of argument that Defendant made a fraudulent statement during the foreclosure proceedings concerning Defendant's ownership or standing, Plaintiff cannot bring a fraud claim premised on such statements because such statements were not made to Plaintiff—who was not a party to the

8

Foreclosure Action—or relied on by Plaintiff.[4] See Pasternack v. Lab. Corp. of Am. Holdings, 27 N.Y.3d 817, 829 (2016) (under New York law, allegations of third-party reliance are insufficient to state a claim for common law fraud); see also Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A., No. 15-CV-293, 2018 WL 1627257, at *3 (S.D.N.Y. Mar. 30, 2018) (citing id.) ("allegations of third-party reliance are insufficient to make out a common law fraud claim under New York law.")

Finally, Plaintiff alleges that "defendants engaged in the fraudulent transfer and conveyance of title with the assistance and corporation [sic] of Jeffrey Kim, the referee appointed by the court to conduct the foreclosure auction" and engaged in unspecified fraud during the eviction of Plaintiff. (ECF No. 12 at ¶ 41.) These conclusory allegations of fraud are insufficient to meet either Rule 9(b) or Rule 12(b)(6)'s plausibility requirement. Moreover, these claims are also clearly meritless because, on March 21, 2019, the state court judge substituted Wilmington for Defendant as the plaintiff and appointed a referee to sell the Property at a foreclosure auction. (Blaine Decl., Exhibit G, ECF No. 9-9.) Since Defendant was no longer a party to the Foreclosure Action when the referee was appointed, Plaintiff's claim that Defendant engaged in fraud with the referee is utterly implausible. Similarly, to the extent that Plaintiff seeks to raise claims concerning a subsequent eviction proceeding against her, such claims fail as Defendant had already been removed as a party in the Foreclosure Action and nothing in the record suggests that Defendant had any interest in the property at that point or played any role in the eviction proceeding.

Accordingly, Plaintiff's fraud claims are dismissed because Plaintiff has not alleged any

---

[4] To the extent that Plaintiff is alleging—apart from any purported fraud—that Defendant simply lacked standing to initiate the foreclosure proceedings, such a claim is an affirmative defense, not a cause of action, that must be asserted in the action for which a party's lack of standing is claimed. Karamath, 2012 WL 4327613, at *7 (citing Fossella v. Dinkins, 66 N.Y.2d 162 (N.Y. 1985)). Thus, any such claim is not viable.

9

plausible claims for fraud.

### C. **Plaintiff Has Failed to State a Claim for Adverse Possession**

In order to state a claim to quiet title under Article 15 of the New York State Real Property Actions and Proceedings Law ("RPAPL"), a complaint must provide facts showing: "[t]hat the defendant claims, or that it appears from the public records or from the allegations of the complaint, that the defendant might claim an estate or interest in the real property, adverse to that of the plaintiff, and the particular nature of such estate or interest."  RPAPL § 1515(b); see also Riley v. Rivers, No. 15-CV-5022, 2016 WL 11263672, at *5-6 (E.D.N.Y. Sept. 19, 2016), report and recommendation adopted, No. 15-CV-5022, 2017 WL 1093193 (E.D.N.Y. Mar. 23, 2017), aff'd, 710 F. App'x 503 (2d Cir. 2018).

Here, Plaintiff fails to properly allege that Defendant holds or claims to hold any interest in the Property.  The complaint does not allege that Defendant has an interest in the Property. Plaintiff's opposition papers state only that Plaintiff asks for "title and deed to be transferred from the defendants to the plaintiff."  (ECF No. 12 at ¶ 40.)  Furthermore, it is clear from the Foreclosure Judgment that the Defendant no longer holds any interest in the Property.  (Blaine Decl., Exhibit G, ECF No. 9-9.)  The Foreclosure Judgment directed the appointed referee to sell the Property at a foreclosure auction and substituted Wilmington as the proper party plaintiff in place and instead of Defendant.

Accordingly, Plaintiff's adverse possession claim is not plausible and, is, therefore dismissed.

### D. **Remaining Arguments**

Any other claims Plaintiff's complaint might be construed to assert fail as well. The complaint alleges that Defendant failed to provide "notice of acceleration and service of process

via personal service of the summons and complaint" pursuant to § 1304 of the RPAPL. (Compl. at 5.) "However, a contention of noncompliance with [§] 1304 is a defense, not an independent cause of action." Newman, 2019 WL 5694334, at *8 (citing RPAPL § 1302(2)). To the extent, Plaintiff alleges noncompliance with RPAPL § 1303, that is also not an independent cause of action. Pritchard v. Curtis, 957 N.Y.S.2d 440, 444 (2012). Likewise, Plaintiff's allegation that Defendant "engaged in the illegal foreclosure of a mortgage absent [] CPLR 3408 Settlement Conference" fails because an allegation of noncompliance with New York CPLR 3408 is an affirmative defense not an independent cause of action. See OneWest Bank, N.A. v. Marchassalla, No. 15-CV-394, 2016 WL 8711438, at *3 (E.D.N.Y. Sept. 30, 2016).

**E. Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009). However, "a district court may deny [a pro se plaintiff] leave to amend when amendment would be futile." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (citations omitted). Here, amendment would be futile. Plaintiff clearly cannot sustain an adverse possession claim against Defendant. Plaintiff's fraud and predatory lending claims against Defendant concerning the origination and the assignment of the Loan are time-barred and fail for lack of standing. As explained earlier, Plaintiff's other fraud claims concerning the Foreclosure Action and eviction proceedings fail for various reasons and "not even 'a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Zavalidroga v. Cote, 395 F. App'x 737, 741 (2d Cir. 2010) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)). Accordingly, leave to amend is denied.

### III. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is granted and Plaintiff's complaint is dismissed in its entirety. Because amendment would be futile, leave to amend is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to mail a copy of this Order to Plaintiff and to close this case.

**SO ORDERED.**

Dated: June 19, 2020
Central Islip, New York

                                              /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE